UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BRIAN EUGENE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1088 (RJL) |
| | ) | |
| EXECUTIVE OFFICE FOR | ) | **FILED** |
| UNITED STATES ATTORNEYS, *et al.*, | ) | MAR 18 2015 |
| | ) | |
| Defendants. | ) | Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |
| | ) | |

MEMORANDUM OPINION
(March 17, 2015) [Dkt. ## 35, 49]

Plaintiff brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, against two components of the United States Department of Justice ("DOJ"): the Executive Office for United States Attorneys ("EOUSA") and the Drug Enforcement Administration ("DEA"). *See* Compl. [Dkt. #1]. This matter is before the Court on the Drug Enforcement Administration's Supplemental Motion for Summary Judgment [Dkt. #35] ("DEA Supp. Mot.") and plaintiff's Counter Motion for Summary Judgment [Dkt. #49]. For the reasons discussed below, the Court GRANTS the former and DENIES the latter.[1]

---

[1] Plaintiff's motion, ECF No. 49, does not comply in form or in substance to a motion for summary judgment, *see* Fed. R. Civ. P. 56; LCvR 7(h), and therefore the motion is DENIED.

1

## BACKGROUND[2]

In December 2010, plaintiff submitted a FOIA request to the United States Marshals Service ("USMS"), Compl. ¶ 9, which in relevant part stated:

> My request is to receive the chain of custody of the drugs that were seized in the state of Indiana, on I-70, the first week of December, 2007.
> The drugs were seized by Detective Jack Martin, with the Wayne County Sheriff[']s Department, Indianapolis Drug Enforcement Agent Cody Dooley and Richmond Police Officer Scott Owens. The drugs were seized and brought to Pittsburgh[,] Pennsylvania for a controlled delivery to Brian E. Smith (Case#CM080023).

Mem. of P. & A. in Support of Defs.' Mot. for Partial Summ. J. [Dkt. #24], Decl. of Katherine L. Myrick [Dkt. #24-2] ("Myrick Decl."), Ex. H (Freedom of Information Act Request dated December 22, 2010). Because the information plaintiff requested was "under the jurisdiction of the [DEA]," the USMS forwarded the request to the DEA. Myrick Decl., Ex. I (Letter to Katherine L. Myrick, Chief, Freedom of Information Operations Unit, DEA, from William E. Bordley, Associate General Counsel/FOIPA Officer, Office of the General Counsel, USMS, dated January 6, 2011).

DEA staff determined that "the information [plaintiff] was seeking was identical and/or substantially the same investigative information" sought in a previous FOIA request submitted directly to the DEA. Myrick Decl. ¶ 16; *see id.* ¶¶ 5-12, 37-39. The DEA therefore took no further action at that time and administratively closed the case. *Id.*, Ex. K (Letter to plaintiff from Katherine L. Myrick dated February 22, 2011). When

---

[2] Relevant factual background is described in my previous Opinion in this case, *Smith v. Exec. Office for U.S. Attorneys*, __ F. Supp. 3d __, 2014 WL 4783256, at *1-2 (D.D.C. Sept. 25, 2014)

"[c]oncerns [arose] as to whether DEA conducted an adequate search for chain-of-custody documents . . . , counsel represent[ed] that a new search of the file related to plaintiff's criminal case was needed." *Smith v. Exec. Office for U.S. Attorneys*, __ F. Supp. 3d __, 2014 WL 4783256, at * 3 n.2 (D.D.C. Sept. 25, 2014) (internal quotation marks omitted). The DEA has filed a supplemental motion for summary judgment, DEA Supp. Mot., with a supporting declaration "to provide the Court with information regarding DEA's search for, and the processing and release of documents, as plaintiff describes, 'the chain of custody of the drugs seized in the state of Indiana, on I-70, the first week of December, 2007' with reference to DEA Investigative File No. CM-08-0023." Mem. in Support of DEA's Supplemental Mot. for Summ. J. [Dkt. #35], Supplemental Decl. of Katherine L. Myrick [Dkt. #35-1] ("Supp. Myrick Decl.") ¶ 2.

## LEGAL STANDARD

The Court will grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). In a FOIA action to compel production of agency records, the agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the [FOIA's] inspection requirements.'" *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001) (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)) (alteration in original).

Summary judgment may be based solely on information provided in an agency's supporting affidavits or declarations if they are relatively detailed and when they describe

3

"the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). "To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld . . . agency records." *Span v. U.S. Dep't of Justice*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)).

## ANALYSIS

### I. The DEA's Search for "Chain of Custody" Information

"The adequacy of an agency's search is measured by a standard of reasonableness and is dependent upon the circumstances of the case." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (internal quotation marks and citations omitted). An agency "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (internal quotation marks and citations omitted). A search need not be exhaustive, *see Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985), and as long as the agency conducts a reasonable search, "the failure of an agency to turn up one specific document in its search does not alone render a search inadequate," *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003).

4

The DEA's declarant explains that "[t]here is no report or other document . . . maintained by DEA entitled 'Chain of Custody' or a 'Chain of Custody Log' that would document the receipt and release of an item of evidence from the point of seizure to destruction in a single record." Supp. Myrick Decl. ¶ 4. The case number provided by plaintiff, CM-08-0023, is that of "a file . . . maintained in the DEA Investigative Reporting and Filing System . . . [which] contains criminal investigative information gathered by DEA during the course of a criminal investigation." *Id.* ¶ 15. Therefore, DEA construes plaintiff's FOIA request as one "seeking all investigative records maintained by DEA contained in DEA Investigative File No. CM-08-0023 associated with Drug Exhibits 1 and 2." *Id.* ¶ 5. By Drug Exhibits 1 and 2, the declarant refers to a DEA Form 7, Report of Drug Property Collected, Purchased or Seized, and a DEA Form LS-05-010, Laboratory report, which had been located and processed in response to an earlier FOIA request from plaintiff, DEA FOIA Request No. 10-00636-P.[3] *Id.* ¶ 5 n.1; *see id.*, Exs. T-U. These two documents, declarant explains, "are the only drug exhibits associated with CM-08-0023." *Id.* ¶ 16.

Plaintiff contends that the DEA's search for chain of custody information was inadequate and that its supporting declarations "show[] bad faith." Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. [Dkt. #44] ("Pl.'s Opp'n") ¶ 12. According to plaintiff, DEA staff should have conducted a search using the G-DEP identifier assigned to his case and

---

[3] A DEA Form 7 "is a standardized multi-block form . . . used to document the seizure of drug evidence." Supp. Myrick Decl. ¶ 10. It "includes a description of the alleged drugs seized, the quantity [of drugs] seized, and a laboratory analysis/comparison report." *Id.* "The DEA Form LS-05-010 is a memorandum type form used by DEA laboratories to report the results of forensic testing." *Id.* ¶ 14.

5

the NADDIS numbers assigned to him and to Juan Carlos Hinojosa. *Id.* ¶ 13. Had DEA staff conducted a search using these terms instead of his name, plaintiff posits that the search would "reveal documentation from the Indiana DEA."[4] *Id.* He argues that defendant is "withholding the documents from Indiana DEA," *id.* ¶ 14, and that it is not entitled to summary judgment because there remains "a material fact issue on the element of the documents which comprise the Chain of Custody of the seized [drugs] in Indiana and transported to Pittsburgh . . . ," *id.* ¶ 10. Plaintiff misunderstands not only the extent of an agency's obligations under the FOIA, but also the purpose of defendant's supplemental summary judgment motion.

Plaintiff himself identified by number the relevant file to be searched, CM-08-0023. The DEA's declarant explained that, "[o]n about February 11, 2014, a search was conducted of DEA Investigative Case File CM-08-0023 for all records associated with Exhibits 1 and 2." Supp. Myrick Decl. ¶ 16. The search revisited certain pages of the file "in light of the recognition that Exhibits 1 and 2 related to the plaintiff and not solely to a third party." *Id.* According to the declarant, Exhibits 1 and 2 (DEA Forms 7 and LS-05-010) were the only drug exhibits associated with CM-08-0023. *Id.*

Plaintiff speculates that the DEA actually maintains responsive records, particularly those confirming the DEA's participation in the criminal investigation in Indiana prior to the controlled delivery of the drugs from Hinojosa to plaintiff in Pittsburgh, Pennsylvania, yet fails to produce "documents from Indiana DEA, when the

---

[4] The DEA's prior search of Investigative File No. CM-08-0023 "was for all reports and records that referenced [plaintiff's] name or that related to him." Myrick Decl. ¶ 35.

Indianapolis DEA adopted the case." Pl.'s Opp'n ¶ 14. He neither offers support for this proposition nor demonstrates that the DEA was required to conduct an entirely new search. Furthermore, the DEA is not obligated to answer questions or to produce particular records supporting plaintiff's many challenges, *see generally* Pl.'s Opp'n ¶¶ 5, 10, to certain facts underlying his arrest and conviction. *See, e.g., Jean-Pierre v. FBI*, 880 F. Supp. 2d 95, 103-04 (D.D.C. 2012) (finding that plaintiff's requests "are . . . not cognizable under FOIA because they ask questions calling for specific pieces of information rather than records").

The DEA's supporting declarations are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks omitted). The Court concludes that the DEA's search of Investigative Case File CM-08-0023 for "chain of custody" information was reasonable.

## II.   *Exemption 7*

In addition to Exhibits 1 and 2 (DEA Forms 7 and LS-05-010), DEA staff located 26 pages of responsive records in DEA Investigative Case File CM-08-0023. Supp. Myrick Decl. ¶ 16. On February 27, 2014, the DEA released 17 of these pages in part after having redacted information under FOIA Exemptions 7(C), 7(E), and 7(F). *Id.* ¶ 17. On July 3, 2014, DEA released portions of five additional pages after having redacted information under these same three exemptions. *Id.* ¶ 18.

The Court issued an Order advising plaintiff of his obligations under the Federal Rules of Civil Procedure and the local rules of this Court to respond to the DEA's supplemental motion. July 7, 2014 Order [Dkt. #36]. Specifically, the Court warned plaintiff that, if he failed to file an opposition to the motion, the motion would be treated as conceded. *Id.* The Court has reviewed plaintiff's opposition and finds that plaintiff does not oppose the DEA's decisions to withhold information under Exemptions 7(C), 7(E) and 7(F). For purposes of this Memorandum Opinion, the facts pertinent to these claimed exemptions are deemed admitted. *See* LCvR 7(h)(1) ("In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."); *Augustus v. McHugh*, 870 F. Supp. 2d 167, 172 (D.D.C. 2012) (where plaintiff's "opposition did not challenge the Secretary's proffered justifications under FOIA for having redacted" information, court treated those arguments as conceded and entered judgment in defendant's favor).

Although the Court may treat the DEA's unopposed arguments as conceded, summary judgment is warranted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Alexander v. FBI*, 691 F. Supp. 2d 182, 193 (D.D.C. 2010) ("[E]ven where a summary judgment motion is unopposed, it is only properly granted when the movant has met its burden."). Here, the DEA meets its burden.

### A. Law Enforcement Records

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure would cause an enumerated harm. 5 U.S.C. § 552(b)(7); *see FBI v. Abramson*, 456 U.S. 615, 622 (1982). "To show that . . . documents were compiled for law enforcement purposes, the [agency] need only establish a rational nexus between [an] investigation and one of the agency's law enforcement duties and a connection between an individual or incident and a possible security risk or violation of federal law." *Blackwell v. FBI*, 646 F.3d 37, 40 (D.C. Cir. 2011) (internal quotation marks and citations omitted).

The declarant readily establishes that the records at issue were compiled for law enforcement purposes. *See* Supp. Myrick Decl. ¶¶ 26-27. The DEA is authorized to investigate "incidences involving the trafficking in controlled substances . . . and the violators who operate at interstate and international levels," *id.* ¶ 26, and the relevant records "were compiled during a criminal law enforcement investigation of the plaintiff and several third-parties," *id.* ¶ 27.

### B. Exemption 7(C)

Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). The declarant explains that, under FOIA Exemption 7(C), the DEA withheld the names of and identifying information about "individuals who were involved or associated with plaintiff or with a law enforcement investigation," Supp. Myrick Decl. ¶ 28, including DEA Special Agents and other law enforcement

officers, *id.* ¶¶ 32-33, stating that their privacy interests outweigh any public interest in disclosure of the information, *id.* ¶¶ 29-31.

"[N]ondisclosure of names or other information identifying individuals appearing in law enforcement records" is routinely upheld. *Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003); *see also, e.g., SafeCard Servs.*, 926 F.2d at 1206 (holding "categorically that, unless access to the names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure"). The DEA's decision to withhold this third-party information from the responsive records is proper.

C. **Exemption 7(E)**

Exemption 7(E) protects from disclosure law enforcement records "to the extent that the production of such . . . information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Under Exemption 7(E), the declarant states that the DEA withheld G-DEP codes, Supp. Myrick Decl. ¶ 34, which not only are "part of DEA's internal system of identifying information and individuals," *id.* ¶ 36, but also "indicate the classification of the violator(s), the types and amounts of suspected drugs involved, the priority of the investigation and the suspected location and scope of criminal activity," *id.* ¶ 37. Disclosure of G-DEP codes, the declarant explains, "would allow violators to identify priority given to narcotics

investigations, types of criminal activities, and violator ratings," which in turn would assist them in avoiding detection. *Id.* ¶ 39. The Court concludes that the DEA properly withholds these G-DEP codes under Exemption 7(E). *See, e.g., Ortiz v. U.S. Dep't of Justice*, __ F. Supp. 3d __, __, 2014 WL 4449686 at *8 (D.D.C. Sept. 9, 2014); *Adionser v. Dep't of Justice*, 33 F. Supp. 3d 23, 26 (D.D.C. 2014).

### D.  Exemption 7(F)

The DEA withholds "[t]he names of DEA Special Agents and state/local law enforcement personnel . . . pursuant to Exemption [7(F)] in conjunction with Exemption [7(C)]." Supp. Myrick Decl. ¶ 41. Because this information properly is withheld under Exemption 7(C) alone, the Court need not determine the applicability of any other exemption. *See Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1173 (D.C. Cir. 2011); *Simon v. Dep't of Justice*, 980 F.2d 782, 785 (D.C. Cir. 1992).

### *III. Segregability*

If a record contains some information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions. 5 U.S.C. § 552(b); *see Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1027 (D.C. Cir. 1999). Based on the DEA declarant's assertion, Supp. Myrick Decl. ¶ 45, the Court concludes that all reasonably segregable information has been released.

## CONCLUSION

The DEA demonstrates that its search for records responsive to plaintiff's request for "chain of custody" information was adequate, notwithstanding its apparent failure to produce the specific documents plaintiff sought. Its supplemental motion for summary judgment will be GRANTED. An Order is issued separately.

_____
RICHARD J. LEON
United States District Judge